**In the INTEREST OF E.W. and A.W., Children.**

**Appeal of T.D.W., Father.**

**No. 88–05.**

Court of Appeals of Iowa.

Nov. 29, 1988.

As Corrected Feb. 9, 1989.

Richard E.H. Phelps II, Newton, for appellant father.

Randal B. Caldwell of Caldwell, Caldwell & Caldwell, Newton, guardian ad litem, for appellee children.

Thomas J. Miller, Atty. Gen., Kathrine S. Miller–Todd, Asst. Atty. Gen., and Cliff Wendel, Asst. Jasper Co. Atty., for appellee State.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

The father appeals the juvenile court's determination that he have restricted visitation rights with his daughters pending psychological evaluations of the parent-figures in the children's lives. He points to numerous errors which we address below. We affirm for those reasons cited.

Appellate review of an adjudicatory and dispositional proceeding held pursuant to Iowa Code Chapter 232 is de novo. Iowa R.App.P. 4. We give weight to the findings of fact of the juvenile court, especially when considering the credibility of the witnesses, but we are not bound by them. Iowa R.App.P. 14(f)(7).

E.W. and A.W. were adjudicated children in need of assistance within the meaning of Iowa Code section 232.2(6)(c)(2) on November 19, 1987. Specifically, the court found that E.W. had been sexually abused sometime between 9:00 a.m. on July 4, 1987, and 7:45 p.m. on July 5, 1987. E.W. and A.W. were visiting the appellant during this weekend until 4:00 p.m. on July 5, at which time they were returned to their mother's custody. The court found that one of the parents had failed to reasonably supervise the children. As a result, one child was harmed and there existed a likelihood that both children could be harmed in the future. The court did not specify who perpetrated the act. Rather, the court in its dispositional order dated December 11, 1987, pointed to the fact that this family was indeed troubled, that psychological testing of all parent-figures would be beneficial, and that visitation should be restricted. The mother does not appeal.

■ Appellant-father asserts the trial court erred in not granting visitation between E.W. and her father following the October 5, 1987, hearing and the subsequent adjudication hearing. He asserts the juvenile court disallowed visitation because it assumed E.W. was sexually abused. This argument is without merit. The juvenile court denied the appellant visitation rights because E.W. had manifested an aversion to her father and to other people as well as to the court itself. No determination was made regarding the allegations of sexual abuse.

Iowa Code section 232.1 states the child's welfare is paramount to any other consideration. In cases such as these where allegations of harm or neglect have been made, it was appropriate for the juvenile court to suspend contact between the child and the alleged perpetrator *pending* a final determination. We, therefore, affirm the district court's order dated October 8, 1987, disallowing visitation between the appellant and E.W.

■ We also affirm the juvenile court's final determination concerning appellant's visitation rights. The court found clear and convincing evidence that E.W. had been sexually abused during visitation with the appellant. It made no determination as to who the perpetrator was. However, the court received evidence concerning the emotional harm which could befall E.W. should she be forced to visit with her father against her wishes. The juvenile court appropriately maintained restrictive visitation pending psychological evaluation of the significant parent-figures in these children's lives.

■ Next, the father argues the juvenile court should have found the natural mother guilty of not rendering adequate supervision. He states there is not clear and convincing evidence that he neglected his children.

Appellant has misinterpreted the juvenile court's order dated November 19, 1987. The court did not find a failure to supervise on the part of the father due to the fact that the children were dirty, unkempt, or hungry while under his care. Rather, the court found that the children had "suf-

fered, or are imminently likely to suffer, harmful effects as a result of a failure of one of their parent's failure to exercise a reasonable degree of care in supervising them." The harm referred to here by the court was the sexual abuse of E.W. The court specifically did not find that the father was the perpetrator. Rather, the court found that abuse had taken place while E.W. and A.W. were under the appellant's care and that such abuse occurred because of inadequate supervision.

Under Brief Point III, the father argues the juvenile court incorrectly admitted into evidence petitioner's Exhibit 2, which was a report made by a social worker in view of her testimony at trial. Appellant asserts such evidence was erroneously admitted pursuant to Iowa Code section 232.96. It is unnecessary for us to determine this issue because the juvenile court explicitly stated in its order dated December 11, 1987, that it did not "use such evidence for *any* purpose." The court relied primarily on the testimony of Dr. Rizwan Shah, the examining physician and expert in child sexual abuse. Dr. Shah found that E.W. had been sexually abused sometime during the course of the 4th of July visit and also found evidence of other previous sexual assaults.

Appellant next argues the juvenile court erred in admitting into evidence at the dispositional hearing a report from the Department of Human Services. Labeled as Exhibit 1, this report contained a social history of the immediate family, investigative and child abuse report completed by the Department, as well as the Department's recommendations for services and recommendations to the juvenile court. Pursuant to Iowa Code section 232.99(2), this document was correctly admitted and is relevant and material to the court's finding that the children were adjudicated in need of assistance under Iowa Code section 232.2(6)(c)(2).

The appellant father further disputes the juvenile court's findings that E.W. was sexually abused sometime during the July 4th visit with her father. The court found clear and convincing evidence that the child was abused during this time period and on several previous occasions. We agree. The trial court had the opportunity to observe all the witnesses, including the examining physician-expert. It found her testimony most credible. While the child was unable to testify at the adjudicatory hearing because she was unable to speak and thus, incompetent, she was able to discuss the alleged act with departmental personnel and communicate her wishes to the court that she not visit with her father. There was no finding that the appellant had committed sexual abuse, only that it had occurred sometime during her visit with her father. Dr. Shah testified that the injuries occurred sometime between the morning of July 4 and the early evening of July 5. E.W. was visiting with her father exclusively during this time except the last three hours. As is usual in cases such as these, the issue of credibility tips the scale. We find the juvenile court did not err in this regard.

The juvenile court in its dispositional order dated December 11, 1987, stated that the father had the best opportunity to commit such abuse. The evidence supports this assertion. The finding that E.W. was sexually abused sometime during her visit with her father explains why the court ruled that psychological evaluations should be made and visitation remain restricted. We find no error here.

The appellant argues that the juvenile court erred when it considered hearsay evidence in determining that E.W. had been sexually abused. That evidence was submitted in the report filed by the Department of Human Services at the dispositional hearing. The parties do not dispute that this document does not rise to the level of clear and convincing evidence that the appellant was the perpetrator. However, the father urges us to disregard the evidence entirely insofar as it points to a family with a very serious problem. This argument is unfounded.

The juvenile court was correct when it concluded: "Whether the problem is with [the father's] behavior with his daughters,

or the problem is only of distorted perception and reporting on the part of the children, the problem must be addressed." Pursuant to Iowa Code section 232.1, the court's duty is to see that each child receives "the care, guidance, and control that will best serve the child's welfare." As stated previously, this document was material and relevant and, therefore, properly considered by the court at the dispositional hearing.

Finally, the father argues that a psychological evaluation is not needed in order to effect a reconciliation between the children and himself. The trial transcript of the December 7, 1987, disposition hearing discloses the following dialogue between the father and his attorney:

Q. If the court says that you need to have some sort of testing and evaluation, are you willing to do that? A. Yes, if I can see my children.

We interpret this to be consensual. He cannot complain now that the juvenile court took him at his word.

Additionally, the trial court has discretionary power to order the parents of a child, adjudicated in need of assistance, to undergo a psychological examination if the parent's ability to care for the child is in issue. Iowa Code section 232.98(2). Failure to adequately supervise à child under one's care directly relates to that person's ability to care for the child. We, therefore, affirm the juvenile court's decree ordering the father of E.W. and A.W. to undergo psychological evaluation.

The State of Iowa shall pay the court costs.

AFFIRMED.